IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUTO-OWNERS MUTUAL INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-2365-JWB ) |
| BRICKS & STONES, LLC and DD&B CONSTRUCTION, INC., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Auto-Owners Mutual Insurance Co. ("Auto-Owners") seeks a declaratory judgment that a certain insurance policy provides no coverage for a default judgment entered in Kansas state court in a construction-defect case against its insured, Bricks & Stones, LLC ("B&S"), and in favor of DD&B Construction, Inc. ("DD&B"). DD&B has filed a motion to compel discovery from Auto-Owners (ECF No. 33). DD&B also has filed a separate motion for leave to file a motion to compel after Auto-Owners objected that the first motion was untimely (ECF No. 39). Although both of these two motions are pending before the undersigned U.S. Magistrate Judge, James P. O'Hara, they relate to discovery allowed by the presiding U.S. District Judge, John W. Broomes, before he rules on Auto-Owners' early summary-judgment motion (see ECF Nos. 17, 24, and 25). For the reasons discussed below, the court grants the motion for leave to file the motion to compel out of time. The motion to compel is granted in part and denied in part.

2

Background

On November 28, 2018, DD&B filed an action in the District Court of Wyandotte County, Kansas against B&S, alleging breach-of-contract, negligence, and breach-of-warranty claims related to a construction project (DD&B was the general contractor, and B&S was the stucco and brick-work subcontractor). Ultimately, that court entered default judgment against B&S, in part due to its failure to respond to discovery and failure to comply with discovery orders.[1]

On July 28, 2020, Auto-Owners filed this case.[2] As earlier indicated, Auto-Owners had issued an insurance policy to B&S. Auto-Owners claims in the case at bar that it only learned about the underlying construction case in January 2020, through notice of the claim sent by an independent insurance broker, Cornerstone Kansas City, LLC ("Cornerstone").[3]

Auto-Owners and DD&B served their Rule 26(a)(1) initial disclosures on October 20, 2020.[4] B&S is in default in this case, just as it defaulted in the Wyandotte County case.[5] On October 27, Auto-Owners filed a motion for summary judgment in this case,[6] arguing it's relieved of its duty to defend and indemnify B&S because of the untimely

---

[1] ECF No. 18-17 at 5.

[2] ECF No. 1.

[3] ECF No. 18-17 at 4.

[4] ECF Nos. 15, 16.

[5] *See* ECF Nos. 20, 23.

[6] ECF No. 17.

notice of the underlying litigation and the resulting prejudice. Accordingly, Auto-Owners seeks a declaration as to its obligations to B&S, including whether it owes a duty to indemnify B&S and whether Auto-Owners breached the terms of the insurance policy.

DD&B filed a motion for extension of time on November 5, 2020, seeking limited discovery to respond to the summary-judgment motion pursuant to Rule 56(d).[7] Specifically, DD&B stated it would ask Auto-Owners to "produce all communications with Cornerstone regarding the claims and underlying action" and "produce documents/disclose its attempts to defend B&S in the underlying action."[8] DD&B also stated its intention to subpoena Cornerstone for its communications with Auto-Owners regarding the claims in this action.[9] On November 16, 2020, Judge Broomes granted that extension in a text order, giving DD&B until February 10, 2021 to respond to the summary-judgment motion.[10]

DD&B served its first set of discovery on December 16, 2020.[11] Auto-Owners served responses and objections on January 15, 2021.[12] DD&B timely filed its response to the summary-judgment motion on February 10, 2021.[13] On February 19, 2021, DD&B

---

[7] ECF No. 24.

[8] *Id.* at 2.

[9] *Id.*

[10] ECF No. 25.

[11] ECF No. 27.

[12] ECF No. 28.

[13] ECF No. 32.

filed the instant motion to compel (ECF No. 33). Auto-Owners' counsel sent a letter on February 23, claiming the motion was filed out of time.[14] On February 26, DD&B filed a motion for leave to file the motion to compel out of time (ECF No. 39).[15] In the meantime, Auto-Owners filed its reply in support of the motion for summary judgment, meaning that motion is fully briefed and pending before Judge Broomes.[16]

Motion for Leave to File Out of Time (ECF No. 39)

Under D. Kan. Rule 37.1(b), a motion to compel discovery "must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise the objection to the default, response, answer, or objection is waived." The discovery responses and objections at issue here were served on January 15, 2021. Therefore, any motion to compel should've been filed by Tuesday, February 16 (given the Presidents' Day on Monday, February 15).

The parties disagree on the procedural standard that applies to DD&B's motion for leave to file a motion to compel out of time. Auto-Owners argues it's "excusable neglect," while DD&B argues it's "good cause." Auto-Owners is correct. That is, the "good cause"

---

[14] ECF No. 40-2.

[15] ECF No. 39.

[16] The undersigned is mindful of DD&B's pending motion for leave to file a sur-reply to the motion for summary judgment. ECF No. 39. In that motion, DD&B contends Auto-Owners introduced new evidence and made new arguments in the reply, and that the discovery sought here "will produce documents and information that is directly relevant to the claims at issue in this matter." ECF No. 47 at 7.

language in D. Kan. R. 37.1 refers to extensions granted for good cause *before* the time for filing runs out.[17]  When the time for filing has run, the court may grant an extension out of time upon a showing of excusable neglect.[18]  Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings."[19]

DD&B's counsel candidly represents the filing the motion three days late wasn't an intentional choice; rather, counsel "was simply not aware of the deadline requirements"[20] in the local rules.  Auto-Owners concedes the lack of bad faith for the delay but argues that's not dispositive.[21]  Indeed, courts have found that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect.[22]  But excusable

---

[17] *Layne Christensen Co. v. Purolite Co.*, No. CIV.A. 09-2381-JWL, 2011 WL 124538, at *1 (D. Kan. Jan. 14, 2011) ("When a motion to compel is filed after the expiration of the time allowed for its timely filing, the proper standard to determine if it should be allowed out of time is not a showing of good cause, but rather a showing of excusable neglect.").

[18] Fed. R. Civ. P. 6(b)(1)(B); D. Kan. Rule 6.1(a); *Jackson v. Wal-Mart Stores E., LP*, No. 20-2469-JWB, 2021 WL 102818, at *1 (D. Kan. Jan. 12, 2021); *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009).

[19] *Id.*

[20] ECF No. 40 at 3.

[21] ECF No. 41 at 5.

[22] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

neglect is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[23]

As to the length of the delay of a mere three days and its impact on the proceedings, the court finds this factor weighs heavily in favor of an extension. This finding shouldn't come as any great surprise to anyone with even minimal experience practicing law. The parties have been conferring about the discovery responses consistently since January. DD&B cites a "golden rule" letter sent on January 25 and Auto-Owners' response on February 1.[24] The parties held a phone conference on February 9, where counsel for DD&B discussed his intention to file a motion to compel.[25] Once alerted by Auto-Owners' counsel as to the local rule, DD&B very quickly filed the instant motion.

For essentially the same reasons, the court finds minimal prejudice to Auto-Owners. DD&B alerted Auto-Owners it intended to file a motion to compel during their February 9 conference call.[26] Auto-Owners points to DD&B's decision not to serve the limited discovery until a month after the court's order granting an extension to do so.[27] But the discovery was served and responded to within the relevant time period, and DD&B timely

---

[23] *Baker v. Promise Reg'l Med. Ctr.*, No. 10-CV-01257-KHV-DJW, 2012 WL 899265, at *2 (D. Kan. Mar. 16, 2012) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd Partnership,* 507 U.S. 388, 392 (1993)).

[24] ECF No. 40 at 2.

[25] *Id.* at 3.

[26] *Id.*

[27] ECF No. 41 at 7.

6

filed its response to the summary-judgment motion. The undersigned doesn't find that decision relevant to the issue of whether to grant leave to file the motion to compel.

Having considered the four relevant factors, the court finds excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) and therefore grants DD&B leave to file its motion to compel out of time. To be clear, though, this shouldn't be construed as excusing continuing ignorance of the local rules. Counsel located in Kansas City, Missouri, should be familiar with the local rules of the federal courthouse located on the other side of the state line. Between admitting they didn't know the deadline to file a motion to compel and their incorrect interpretation of the good-cause standard in Rule 37, counsel for DD&B should be sure to take this opportunity to re-familiarize themselves with the local rules. The court is unlikely to accommodate future demonstrations of ignorance.

To sum up, the undersigned magistrate judge hasn't been too favorably impressed by counsel for DD&B missing the deadline for filing the motion to compel. The undersigned is even less impressed by counsel for Auto-Owners making the parties incur attorney fees, and making the court spend its limited resources, fighting about a three-day delay which caused zero prejudice. This isn't how good lawyers typically practice in the Kansas City legal community.

Motion to Compel (ECF No. 33)

As a threshold matter, the court first considers whether the parties have sufficiently conferred regarding the motion. Fed. R. Civ. P. 37(a)(1) requires motions to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

7

obtain it without court action." As discussed above, the parties have exchanged multiple meet-and-confer letters and had a conference call, which resolved some but not all of the disputes.[28] The court is satisfied the parties have conferred pursuant to Fed. R. Civ. P. 37(a)(1).

The discovery here is sought under Fed. R. Civ. P. 56(d). Under Rule 56(d), the court may allow additional discovery in response to a summary-judgment motion. "The court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[29] A party's 56(d) motion should be liberally treated, unless dilatory or lacking in merit.[30]

Auto-Owners argues there's no need for any limited discovery because DD&B has already filed its response to the motion for summary judgment without seeking any extension.[31] The court takes Auto-Owners' point. But the discovery has already been served, and the court isn't inclined to deny the motion outright on that ground alone.

Auto-Owners also cites practice guides directing courts to limit discovery under Rule 56(d) to only the issues in the summary-judgment and not allow discovery on all issues raised in a broad complaint.[32] DD&B concedes the discovery requests go beyond

---

[28] ECF No. 34 at 4.

[29] Fed. R. Civ. P. 56(d).

[30] *Ganley v. Jojola*, 402 F. Supp. 3d 1021, 1054 (D.N.M. 2019).

[31] ECF No. 41 at 6.

[32] ECF No. 44 at 3.

the specific language in the motion for extension, arguing it didn't intend to limit discovery to these issues. It cites its language seeking "discovery that it believes will support its argument"[33] allowed for broader discovery.

The court is persuaded, at this stage, limited discovery is appropriate. Auto-Owners filed its motion for summary judgment only one week after the parties served their Rule 26(a) disclosures and before any discovery had been conducted.[34] Therefore, discovery in this case has barely occurred. And, as earlier indicated, Judge Broomes has allowed DD&B to conduct some limited discovery. This court generally construes the discovery stage broadly.[35] Keeping in mind Rule 56(d) doesn't allow discovery as to *all* issues raised in the complaint, the court nonetheless takes a liberal view of relevance as to the summary-judgment issues. The court will discuss each of the discovery requests individually.

Interrogatory No. 10

Interrogatory No. 10 states:

> Identify all potential indemnity agreements whereby any third-party individual or entity may be liable to DD&B to satisfy part or all of a possible judgment in this lawsuit.[36]

---

[33] ECF No. 34, citing ECF No. 24 at 2.

[34] ECF No. 34.

[35] *Mann v. XPO Logistics Freight, Inc.*, 2017 WL 3054125, at *3 (D. Kan. July 19, 2017) (citing *Erickson, Kernell, Derusseau, & Kleypas v. Sprint Sols., Inc.*, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016)).

[36] ECF No. 34-3 at 5.

DD&B argues this is relevant to whether there are insurance policies that could provide coverage to DD&B, both in the underlying action and this action.[37] Auto-Owners objects. It argues that whether it's aware of an insurance policy that may provide coverage to DD&B doesn't go to the issues of timeliness of the notice of the underlying litigation or prejudice resulting from the allegedly untimely notice.[38] It also argues producing any agreements would require it to opine on whether the policies make it liable to DD&B.[39]

The court disagrees. The coverage agreements Auto-Owners has with any entity related to the construction project require a factual answer, not a legal opinion. Further, which entity is responsible under the coverage policies, and under what circumstances, are relevant to the issues in this case. These determinations are also potentially relevant to the narrower issue of Auto-Owners obligations under its notice argument. The court grants DD&B's motion to compel as to Interrogatory No. 10.

Document Request No. 2

Document Request No. 2 states:

> Produce all non-privileged correspondence related to the project generated in the last four (4) years, and/or to this lawsuit, including but not limited to any letters, e-mails, recordings, texts, or fax transmittals that are in your custody or control.[40]

---

[37] ECF No. 34 at 6.

[38] ECF No. 44 at 5.

[39] *Id.*

[40] ECF No. 34-3 at 9.

The court agrees this information is relevant to the origin of the case, the construction project, although it may be overly broad as written. But Auto-Owners represents it's produced all documents regarding notice it received, including its entire claim file, except any documents for which it claims privilege. DD&B didn't file a reply in support of its motion to compel disputing this characterization. Without any evidence to the contrary, the court finds Auto-Owners has adequately responded to Document Request No. 2.

Document Request No. 3

Document Request No. 3 states:

> Produce all non-privileged correspondence related to the policy generated in the last four (4) years, and/or to this lawsuit, including but not limited to any letters, e-mails, recordings, texts, or fax transmittals that are in your custody or control.[41]

In its motion, DD&B cites an objection from Auto-Owners that this request seeks information that's proprietary and confidential. But Auto-Owners doesn't assert that objection in its response; indeed, Auto-Owners says it didn't make that objection in the first place.[42]

Beyond that argument, DD&B doesn't make any argument as to why this information is relevant, beyond stating it isn't outside the limited scope of discovery.[43]

---

[41] *Id.*

[42] ECF No. 44 at 9 n.4.

[43] ECF No. 34 at 7.

11

Auto-Owners asserts the request isn't relevant to the notice condition, which remained the same throughout the policy periods at issue in the case. Further, Auto-Owners asserts it has produced all policy documents, except for premium audit documents or billing statements, which Auto-Owners asserts aren't relevant.[44] DD&B doesn't contest this representation or offer any rebuttal for what further documents it's seeking. The court sustains Auto-Owners' objection that the scope of this document request goes beyond what DD&B has said is necessary to respond to the pending summary-judgment motions. Accordingly, the court finds Auto-Owners has adequately responded to Document Request No. 3.

Document Request No. 8

Document Request No. 8 states:

> Produce a copy of any underwriting file or related materials that relate to the policy.[45]

DD&B argues the file contains information Auto-Owners relied on before issuing the insurance policy, including "the types and amounts of insurance potentially available to B&S, any reservations or concerns [Auto-Owners] had prior to issuing the policy at issue, [and] a history of claims made against B&S by other parties."[46]

---

[44] ECF No. 44 at 9.

[45] ECF No. 34-3 at 11.

[46] ECF No. 34 at 7.

Auto-Owners argues the underwriting files are irrelevant to the issues in the summary-judgment motion because the policy was issued in 2016, the contract for the project wasn't entered into until 2017, and the action wasn't filed until 2018.[47] Auto-Owners cites several cases where courts have denied similar motions to compel.[48] Generally, courts have held underwriting files are discoverable in bad faith claims; for breach of contract claims, they're discoverable when the contract terms are ambiguous.[49] There's no bad faith claim here, and the parties don't cite alleged ambiguities in the contract language. Accordingly, the court doesn't see the relevance of the underwriting file on its face.[50]

DD&B asserts the file contains certain information, but even under a liberal discovery standard, it hasn't shown what that information is likely to show or how it relates to the issues of notice. Further, DD&B hasn't cited any case law to support its motion to compel. If the case remains pending past summary judgment, DD&B may make a renewed

---

[47] ECF No. 44 at 11.

[48] *See, e.g.*, *Phillips v. Hanover Ins. Co.*, No. CIV-14-871-R, 2015 WL 1781873, at *7 (W.D. Okla. Apr. 20, 2015) (underwriting file wasn't relevant when no wrongdoing was alleged as to the underwriting process); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 (S.D. Fla. 2007) (discussing the relevance of underwriting files); *Allstate Ins. Co. v. Ford Motor Credit Co.*, 2005 WL 8163677, at *1 (D.N.M. Sept. 9, 2005) (ruling the underwriting file wasn't relevant).

[49] *See Milinazzo*, 247 F.R.D. at 702.

[50] *See Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *12 (D. Kan. Sept. 28, 2010) (finding the underwriting files and loss-control files weren't relevant on their face and requiring the defendant to demonstrate their relevance).

request for the underwriting file with a prima facie showing that material provisions of the policy are ambiguous. On the present record, though, the underwriting file isn't relevant. For these reasons, the court denies the motion as to Document Request No. 8.

Document Request No. 10

Document Request No. 10 states:

> Produce a copy of any agreement that you have with Cornerstone Companies or any agent of Cornerstone Companies.[51]

DD&B points to a controverted allegation in the motion for summary judgment regarding the role of Cornerstone in assisting B&S procure the policy.[52] DD&B asserts the information goes to the issue of agency and whether Cornerstone was acting as an agent on behalf of Auto-Owners. Therefore, it goes to the issue of constructive knowledge of the date Auto-Owners received notice of DD&B's claims.[53] DD&B has agreed to limit the request in time to the last five years.[54]

Auto-Owners argues this agreement is irrelevant. Regardless of when DD&B contacted Cornerstone, Auto-Owners argues it was still prejudiced because the contact occurred months after the discovery order was entered in the underlying litigation. Auto-Owners also lists what DD&B has and hasn't done to find supporting evidence as to the

---

[51] ECF No. 34-3 at 12.

[52] ECF No. 18-17 at 3.

[53] ECF No. 34 at 8.

[54] *Id.* at 9.

relationship between Cornerstone and the parties in this case.[55]  But the court isn't tasked with evaluating which discovery tools the parties should employ.  What's before the court is whether this request is allowable under the discovery rules.

The court agrees the agreement is relevant to the scope of the relationship between Auto-Owners and Cornerstone, which in turn is relevant to when Auto-Owners had actual or constructive notice of the underlying action – the central issue in the summary-judgment briefing.  The court is satisfied the request has been reasonably limited in scope.  The court grants the motion to compel as to Document Request No. 10 and will limit the request to the last five years.

IT IS THEREFORE ORDERED that DD&B's motion for leave to file a motion to compel (ECF No. 39) is granted.  DD&B's motion to compel (ECF No. 33) is granted in part and denied in part, in accordance with the rulings above.  Auto-Owners shall respond to Interrogatory No. 10 and Document Request No. 10 without objection by **April 9, 2021.**

Dated March 26, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[55] ECF No. 44 at 14.